UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


MAMIE M. BRAFFORD,

                 Plaintiff

        v.                                   C-1-06-353

COMMISSIONER OF SOCIAL
SECURITY,

                 Defendant


## ORDER

      This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 14), defendant's objections (doc. no. 15) and plaintiff's response to defendant's objections (doc. no. 18). Plaintiff, a Disability Insurance claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the defendant denying plaintiff's application for disability insurance benefits. In his Report and Recommendation which follows, the Magistrate Judge concluded that defendant's decision denying plaintiff disability insurance benefits was not supported by substantial evidence and therefore recommended that the case be remanded to defendant for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

2

## REPORT AND RECOMMENDATION

This is a Social Security disability benefits appeal.  At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore unentitled to a period of disability and disability income benefits.  (*See* Administrative Transcript ("Tr.") 15-24) (ALJ's decision).)

### I.

On April 29, 2003, plaintiff filed an application for disability insurance benefits alleging a disability onset date of June 1, 1998, due to herniated disc, chronic illness, and twitches.  (*See* Tr. 54-56, 70.)

Upon denial of plaintiff's claims on the state agency level, she requested a hearing *de novo* before an ALJ.  A hearing was held on March 9, 2005, at which plaintiff appeared with counsel and testified.  (*See* Tr. 332-61.)  A vocational expert, Miche Daoud, was also present and testified.  (Tr. 351-357.)

On date July 26, 2005, the ALJ entered his decision finding plaintiff not disabled.  That decision became defendant's final determination upon denial of review by the Appeals Council on April 8, 2006  (Tr. 5-7.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1.    The claimant met the disability insured status requirements of the Act through June 30, 2003, but not thereafter.

2.    The claimant has not engaged in substantial gainful activity since June 1, 1998.

3.      On and prior to June 30, 2003, the claimant had impairments including degenerative disc disease of the cervical and lumbar spine; polymyoclonus; and a depressive disorder which are considered severe within the meaning of the Social Security Act and regulations.

4.      The claimant had no impairment or combination of impairments which met or equaled any impairment in Appendix 1 to Subpart P of Regulations No. 4.

5.      The claimant's allegations are not fully credible for the reasons set forth in the body of the decision.

6.      The claimant has a residual functional capacity for a limited range of sedentary work.  Specifically, she can perform sedentary work as defined by 20 CFR 404.1567, but she cannot work around hazards and is limited to a low stress work environment.

7.      The claimant is unable to perform any of her past relevant work.

8.      The claimant was born on September 14, 1961, was 36 years old on the alleged onset date of disability and 41 years old on June 30, 2003. She was a "younger individual" during the period in question.  She completed school through the eleventh grade and has a "limited education".  Her past relevant work did not provide her with any transferable job skills.

9.      Section 404.1569 of Regulations No.4 and Rule 201.25, Table No. 1, Appendix 2, Subpart P, Regulations No. 4, directs a finding of "not disabled" if the claimant was able to perform the full range of sedentary work.  While the ability to perform sedentary work is compromised by the various additional limitations described, there remain other jobs existing in significant numbers in the local and national economies the claimant could have performed during the period at issue, including jobs as an order clerk, an information clerk, and addresser, and an assembler.

10.     The claimant was not under a "disability" as defined in the Social Security Act at any time on or prior to June 30, 2003, or at any time through the date of this decision.  20 CFR 404.1520(g).

(Tr. 22 - 23 .)

4

The ALJ concluded that plaintiff was not entitled to a period of disability or disability insurance benefits.

On appeal, plaintiff argues that: (1) the ALJ erred in failing to give controlling weight to the RFC finding of plaintiff's treating physician; (2) the ALJ failed to properly evaluate plaintiff's complaints of pain; and (3) the ALJ failed to fully develop the record with respect to plaintiff's polymyoclonus, major depression, and chronic pain syndrome.  The undersigned finds plaintiff's first two errors to be dispositive, and for the reasons that follow, recommends that this matter be remanded under sentence four of 42 U.S.C. § 405(g).

II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  In performing this review, the Court considers the record as a whole.  *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explains:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

## A.

For her first assignment of error, plaintiff asserts that the ALJ erred in failing to give controlling weight to the RFC assessment submitted by plaintiff's treating physician, Dr. Griffin. Dr. Griffin's RFC found plaintiff capable of performing less than sedentary work.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).

If a treating physician's opinion is contradicted by substantial evidence, the opinion is not to be dismissed, and it is still entitled to deference. *Roush*, 326 F.Supp. 2d at 862. In weighing the various opinions and medical evidence, the ALJ must consider pertinent factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6).

Should the ALJ reject a treating physician's opinion, the ALJ must "give good reasons" for not giving weight to that opinion in the context of a disability determination. *Wilson*, 378 F.3d at 544. A ruling issued by the SSA explains that, pursuant to 20 C.F.R. § 440.1527(d)(2), a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (1996); *see also Wilson*, 378 F.3d at 544.

Here, the ALJ rejected Dr. Griffin's RFC finding stating that it was not supported by the objective medical evidence or by Dr. Griffin's own treatment records. The ALJ noted that Dr. Griffin's treatment records indicate that plaintiff is able to ambulate fairly normally and receives adequate relief from pain medication. (Tr. 21) However, the ALJ failed to mention and/or evaluate the clinical findings that support Dr. Griffin's RFC assessment.

On April 22, 2003, upon referral from Dr. Griffin, plaintiff underwent an MRI of the Lumbar Spine and an MRI of the Thoracic Spine. (Tr. 213, 214). The lumbar MRI evidenced the following findings: at the L2-3 level there is a moderate sized left forminal disc herniation with compression and displacement of the left L2 root within the neural foramen; mild diffuse disc bulge and facet arthrosis at the L3-4 level; and there is mild diffuse disc bulging and facet hypertrophy with ventral thecal sac

7

flattening and mild bilateral L3 foraminal narrowing; at the L4-5 level there is severe disc space narrowing with disc desiccation and diffuse disc bulge with ventral thecal sac flattening; and at the L5-S1 level there is severe disc space narrowing with degenerative endplate signal change and diffuse disc bulge, with facet hypertrophy resulting in mild ventral thecal sac flattening (Tr. 214). Additionally, the thoracic MRI evidenced that plaintiff had diffuse disc bulge at T7-8 with Schmorl's Node Deformity involving the superior endplate of T8 (Tr. 213).

Thereafter, on May 23, 2003, Dr. Griffin stated:

MRI shows some increase in the disc protrusion at T7-8. The fluid surrounding the cord had been pushed out of the way by the disc and there is contact with the cord at this time. <u>This would definitely explain the patient's complaints of pain.</u>

(Tr. 206) (*emphasis added*)

Moreover, treatment notes submitted by plaintiff from Dr. Griffin, from January 2003 through August 2004, document her complaints of back pain, decreased range of motion, and increased dosage of pain medication. (Tr. 198-212, 296-302). Plaintiff was a patient of Dr. Griffin beginning in 1993, and his treatment notes from January 2003 through August 2004 indicate that plaintiff was seen almost monthly due to her back pain. It seems evident that Dr. Griffin is in the best position to give an opinion as to plaintiff's physical limitations. Furthermore, as detailed above, Dr. Griffin findings, treatment and prescription history appear to support his RFC finding.

However, contrary to the opinion of Dr. Griffin that plaintiff is unable to work, the ALJ concluded that plaintiff is capable of performing a range of sedentary work. Notably, an RFC assessment provided by Dr. Wunder, a one-time consultative state agency physician, concluded that plaintiff was capable of performing light work, yet as noted above, the ALJ concluded, nonetheless, that plaintiff was limited to a range of sedentary work.

It appears, therefore, that in making this finding, the ALJ, in part, impermissibly acted as his own medical expert. *See Rousey v. Heckler,* 771 F.2d 1065, 1069 (7th Cir. 1985); *Kent v. Schweiker,* 710 F.2d 110, 115 (3d Cir. 1983); *Lund v. Weinberger,* 520 F.2d 782, 785 (8th Cir. 1975). While an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, he is not permitted to make his own evaluations of the medical findings. *See McBrayer v. Secretary of Health & Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983); *Filocomo v. Chater,* 944 F. Supp. 165, 170 (E.D.N.Y. 1996).

Accordingly, the undersigned finds this matter should be remanded for further fact-finding so that the ALJ can obtain testimony from a medical expert in order reevaluate the weight to be given to the opinion of Dr. Griffin's findings and to provide an accurate RFC assessment.

**B.**

For her next assignment of error, plaintiff argues that the ALJ failed to properly evaluate plaintiff's complaints of pain.

SSR 96-7p establishes a two step process for evaluating the claimant's testimony and statements about symptoms such as pain, fatigue or weakness.

First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If not, the symptoms cannot be found to affect the claimant's ability to do basic work activities. SSR 96-7p.

Second, if an underlying physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the ALJ must evaluate the intensity, persistence and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit his ability to work. If the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record. SSR 96-7p.

The "ALJ may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir.1995). Rather, this is but one factor to consider, along with the claimant's daily activities; the location, duration, frequency and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medication; treatment other than medication; any measures the claimant has used to relieve the pain or other symptoms; and functional limitations and restrictions. 20 C.F.R. § 404.1529(c)(3); *see also* SSR 96-7p.

10

While SSR 96-7p does not require the ALJ to analyze and elaborate on each of these factors when making a credibility determination, the ALJ must sufficiently articulate his assessment of the evidence to assure the Court that he considered the important evidence and to enable the Court to trace the path of his reasoning. *Patterson v. Barnhart,* 428 F.Supp.2d 869, 880 (E.D.Wis. 2006).  SSR 96-7p further requires the ALJ to provide "specific reasons for the finding on credibility, supported by the evidence in the case record."  *Id.* (citing SSR 96-7p).

Here, the ALJ rejected plaintiff's complaints of disabling pain, concluding that she received adequate relief from pain medication.[1]  Yet, the ALJ also noted plaintiff's very limited activity level during the day.

In contrast, Dr. Griffin's treatment notes document plaintiff's ongoing complaints of pain, and they are supported by the April 2003 MRI.  Thus, in this context, and as noted above, it is unclear whether the ALJ properly weighed the medical evidence of record.

---

[1]  Furthermore, in rejecting plaintiff's complaints of disabling pain, the ALJ states that he "carefully observed the claimant and notes that she was not in any obvious pain or discomfort when walking into or out of the hearing room or while sitting during the coarse of the hearing.  Although the claimant alleged mental impairments, she related well to the Administrative Law Judge and to her representative at the hearing, and she answered questions quickly and appropriately without any evidence of a memory or concentration problem." (Tr. 21)  Thus, it appears that the ALJ improperly employed the sit and squirm test. *Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981)( a decision based upon the ALJ's observations of a claimant at the evidentiary hearing (sometimes referred to as a "sit and squirm" test) is improper); *see also Martin v. Secretary of Health and Human Servs.,* 735 F.2d 1008, 1010 (6th Cir.1984) (disallowing "the dismissal of a claim for pain solely on the ALJ's observations at the hearing") (quoting *Weaver v. Secretary of Health and Human Servs.,*  722 F.2d 310, 312 (6th Cir. 1983)).

11

Accordingly, the ALJ's credibility finding is not supported by substantial evidence because he failed to sufficiently articulate his assessment of the evidence to assure the Court that he considered the important evidence and to enable the Court to trace the path of his reasoning.

### III.

A sentence four remand provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted).  In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place."  *Faucher,* 17 F.3d at 175.  "It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405."  *Culbertson v. Barnhart,* 214 F. Supp. 2d 788, 795 (N.D. Ohio 2002) (*quoting Willis v. Secretary of Health & Human Servs.,* 727 F.2d 551 (6th Cir. 1984).

Based upon the foregoing, the undersigned concludes that remand is appropriate in this matter because the there is insufficient evidence to support the ALJ's decision.

- 12 -

## CONCLUSION

Judicial review of the defendant's decision is limited in scope by 42 U.S.C. § 405(g).  The Court's sole function under the statute is to determine whether there is substantial evidence to support the defendant's findings of no disability.   The defendant's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon a ***de novo*** review of the record, especially in light of defendant's objections, the Court finds that defendant's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that the matter be remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four.

- 13 -

Accordingly, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge.  The decision of the Commissioner to deny plaintiff benefits is **REVERSED** and this matter is hereby **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) so that the ALJ can reevaluate the weight given to Dr. Griffin's RFC assessment and properly evaluate plaintiff's credibility.

On remand, the ALJ should obtain evidence from a medical expert in order to properly weigh Dr. Griffin's RFC finding; give specific reasons for the weight given to a treating source's medical opinion, and fully discuss and apply the factors for evaluating credibility set forth in Social Security Ruling 96-7p.

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

        s/Herman J. Weber
        Herman J. Weber, Senior Judge
        United States District Court